# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
)
v. )
)
)
DAMON SMITH, )
) Cr. A. No. 1309013274
Defendant. )
)
)
)
)
)
)

Date Decided: July 7, 2017

On Defendant Below, Damon Smith's Motion for
Post Conviction Relief. **DENIED**.

## ORDER

Defendant Damon Smith filed this Motion for post conviction relief claiming that his trial counsel provided ineffective assistance for failing to subpoena witnesses. Defendant was charged with Aggravated Menacing, Possession of a Firearm during the Commission of a Felony, Possession of a Firearm by a Person Prohibited, and Carrying a Concealed Deadly Weapon. These charges arose from an incident on September 18, 2013 where Defendant and his co-defendant brought a gun to confront individuals. Defendant's co-defendant plead guilty on July 7, 2014, and Defendant plead guilty the following day.

Defendant claims that trial counsel provided ineffective assistance by telling the Defendant on the day of trial that he had no subpoenaed any witnesses.

The Court must address Defendant's motion in regard to Rule 61(i) procedural requirements before assessing the merits of his motion.[1] Rule 61(i)(1) bars motions for postconviction relief if the motion is filed more than one year from final judgment. Defendant's Motion is not time barred by Rule 61(i)(1).[2] Rule 61(i)(2)[3] bars successive postconviction motions, which is also not applicable as this is Defendant's first postconviction motion. Rule 61(i)(3) bars relief if the *motion* includes claims not asserted in the proceedings leading to the final judgment.[4] This bar is also not applicable as Defendant claims ineffective assistance of counsel, which could not have been raised in any direct appeal.[5] Finally, Rule 61(i)(4) bars relief if the motion is based on a formally adjudicated ground.[6] This bar is also not applicable to Defendant's Motion.

Delaware adopted the two-prong test proffered in *Strickland v. Washington* to evaluate ineffective assistance of counsel claims.[7] To succeed on an ineffective

[1] Super. Ct. Crim. R. 61(i)(1).
[2] Mr. White's jury verdict was affirmed by the Supreme Court on February 6, 2014 and Mr. White filed this Motion on August 6, 2014.
[3] Super. Ct. Crim. R. 61(i)(2).
[4] Super. Ct. Crim. R. 61(i)(3).
[5] *See State v. Berry*, 2016 WL 5624893, at *4 (Del. Super. Ct. June 29, 2016); *see also Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013).
[6] Super. Ct. Crim. R. 61(i)(4).
[7] *See Strickland v. Washington*, 466 U.S. 668 (1984); *see also Albury v. State*, 551 A.2d 53 (Del. 1988).

assistance of counsel claim, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness, and that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different."[8] The Court's "review of counsel's representation is subject to a strong presumption that representation was professionally reasonable."[9] The "benchmark for judging any claim of ineffectiveness [is to] be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."[10] Additionally, it is the attorney's "right to decide certain strategic and tactical decisions, including what witnesses to call, whether and how to conduct cross-examination, what trial motions should be made, and what evidence should be introduced."[11] Here, Defendant's trial counsel filed an Affidavit in response to Defendant's Motion for Postconviction Relief. Trial counsel states that after being supplied with a list of possible witnesses to the matter, trial counsel took the following steps. Trial counsel's investigator interviewed possible witness Anthony Brown. After the interview, counsel determined that Mr. Brown's statements were vague and he was not a key witness to the entire incident. Thus counsel decided not to call Mr. Brown as a witness.

---

[8] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990); *see also Strickland v. Washington*, 466 U.S. 668 (1984).

[9] *Id.*

[10] *State v. Wright*, 2015 WL 648818, (Del. Super. Ct. Feb. 12, 2015)(citations omitted).

[11] *State v. Cooke*, 2010 WL 3734113, at * 16 (Del. Super. Aug. 19, 2010).

Trial counsel also averred that possible witness Antonia Brown was present in the courtroom before trial and trial counsel interviewed Ms. Brown prior to trial. Defendant's co-defendant, John Smith, entered into a plea before Defendant's trial. Trial counsel had Mr. Smith transported to the courthouse before trial, and notified Mr. Smith's counsel that he was being called to testify. However, before trial, Mr. Smith's counsel notified Defendant's trial counsel that Mr. Smith was invoking his Constitutional Right and would not to testify. Finally, as to possible witness Cache Clifton, trial counsel's investigator interviewed Ms. Clifton on January 6, 2014. Ms. Clifton was more than 500 to 1000 feet away from the incident, and trial counsel determined that she was not a key witness to the event and thus did not subpoena her for an appearance. Based on trial counsel's affidavit, that it is trial counsel's tactical decision to call witnesses, and the heavy presumption trial counsel acted reasonably, Defendant's Motion for Postconviction Relief is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
The Honorable Calvin L. Scott, Jr.